**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4787**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES BERNARD SHAW, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, District Judge.  (CR-03-30)

---

Submitted:  May 28, 2004            Decided:  June 18, 2004

---

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Matthew W. Greene, SMITH & GREENE, P.L.L.C., Fairfax, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael J. Elston, James Ashford Metcalfe, Assistant United States Attorneys, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted James Bernard Shaw, Jr., of conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, and marihuana, 21 U.S.C. § 846 (2000), possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (2000), possession with intent to distribute marihuana, 21 U.S.C. § 841(a)(1), and possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (2000). He was sentenced to 101 months' imprisonment. On appeal, Shaw claims that the district court erred in denying his motion to suppress and in imposing a two-level enhancement for obstruction of justice based on perjury. We affirm.

Shaw first claims that the district court erred in denying his motion to suppress the evidence seized during a warrantless search. This court reviews the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. See Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. See United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the briefs, the transcript of the hearing on the motion, and the other materials submitted by the parties, and conclude that the district court did not err in denying Shaw's motion to suppress.

Next, Shaw claims that the district court erred in applying a two-level adjustment for obstruction of justice based on perjured testimony. See U.S. Sentencing Guidelines Manual § 3C1.1 (2002). This court reviews a district court's application of the sentencing guidelines with regard to factual determinations for clear error, while legal conclusions are reviewed de novo. United States v. Wilson, 198 F.3d 467, 471 (4th Cir. 1999). The determination of whether a defendant committed perjury is a factual issue and, therefore, will be disturbed only if clearly erroneous. United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995); United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992).

To establish the obstruction of justice enhancement based on perjury, the sentencing court must find by a preponderance of the evidence that the defendant gave false testimony concerning a material matter, with a willful intent to deceive, rather than as a result of confusion, mistake, or faulty memory. United States v. Sun, 278 F.3d 302, 314 (4th Cir. 2002). We find that the district court did not commit clear error when it concluded that Shaw committed perjury when he testified that he did not engage in any drug dealing and he did not know the contents of the briefcase found in his vehicle. Therefore, the district court properly applied the two-level enhancement for obstruction of justice.

Accordingly, we affirm Shaw's conviction and sentence. We dispense with oral argument because the facts and legal

- 3 -

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
